**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DAVIA SMALL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-01310-P** |
| | § | |
| **MERCEDES-BENZ FINANCIAL SERVICES USA LLC,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff Davia Small ("Plaintiff" or "Ms. Small") and files this First Amended Complaint against Defendant Mercedes-Benz Financial Services USA LLC ("Defendant" or "Mercedes-Benz Financial Services"), and in support thereof would respectfully show the Court as follows:

## I. PARTIES

1. Plaintiff Davia Small is an individual residing in Tarrant County, Texas. At all relevant times, she was employed by Mercedes-Benz Financial Services at its facility located at 14372 Heritage Parkway, Fort Worth, Texas 76177.

2. Defendant Mercedes-Benz Financial Services USA LLC is a foreign limited liability company doing business in Texas, with a place of business at 14372 Heritage Parkway, Fort Worth, Texas 76177. At all relevant times, Defendant employed more than fifteen employees and was an employer within the meaning of Chapter 21 of the Texas Labor Code. Defendant may be served through its registered agent for service of process, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction as a result of Defendant's removal of this matter and pursuant to 28 U.S.C. § 1332, because it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

4. Venue properly lies in this Court under 28 U.S.C. § 1391 because all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Tarrant County and because the facility at which Plaintiff worked and was employed is located in Tarrant County.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff has satisfied all conditions precedent to bringing this action. Within the time required by law, and within 180 days of the unlawful employment practices alleged herein, Plaintiff filed a verified Charge of Discrimination against Defendant alleging discrimination on the basis of disability and race, denial of reasonable accommodation, and retaliation. This suit is timely filed within the periods prescribed by law following the conclusion of the administrative process. The claims asserted in this Petition are within the scope of the charge and the agency investigation that reasonably grew out of it.

## IV. FACTUAL BACKGROUND

6. Davia Small is a Black woman who lives with Blount's disease, a permanent disability related to the formation of the bones in her legs. In layman's terms, Ms. Smith's legs bow outward—one much more than the other. This impacted her mobility and ability to walk, and required her to adapt to perform some day-to-day activities.

7. She worked for Mercedes-Benz Financial Services as a collections specialist, handling collections accounts by telephone and computer. She was, by every measure that mattered to the job, a strong performer, consistently ranking among the top collectors in her department and handling the more demanding accounts that were sixty days past due and older.

8. In January 2025, Ms. Small suffered a serious fall that caused a severe injury to her already-impaired leg. Ms. Small's fall broke a metal plate that had previously been put in her leg and broke her femur. The injury required surgery and left her dependent on a medical boot, and left her dependent on a wheelchair for approximately one year.

9. The combination of Ms. Small's Blount's disease, serious injury to her femur and leg, and eventual recovery from surgery, substantially limited all major life activities related to her legs, including walking, bending, standing, driving, sitting, changing positions, moving from place to place, and general mobility.

10. Ms. Small promptly informed management and Human Resources of her medical condition and asked for reasonable accommodations: the ability to work from home during her recovery, relocation of her workstation closer to the elevator and restroom, longer breaks to ensure that she was able to eat and use the restroom, and a flexible schedule so she could attend prescribed physical therapy. Each accommodation was denied in whole or in part.

11. As a result, Ms. Small suffered repeated indignities and humiliation at work. On one occasion, Ms. Small required the assistance of a co-worker to lift herself off the toilet after using the restroom. Rather than express concern or take steps to determine whether other reasonable accommodations existed to ensure Ms. Small could comfortably use the restroom, Defendant reprimanded Ms. Small for taking too long on her break.

12. Ms. Small's requests for accommodation also resulted in less favorable treatment

and reduced opportunities for compensation. After she made her requests for accommodation, Ms. Small was repeatedly removed from leader boards and team-wide scorecards, which had the result of lowering her potential compensation. She was removed from these metrics without reason or explanation. Most often, the person who took her place at the top of the scorecard was a white, male colleague named Kyle.

13. The essential functions of Ms. Small's position did not require her physical presence in the building. Her work was performed by phone and computer, and she had already worked from home on a hybrid schedule from January through March 2025 without any decline in her performance. Her request to continue working remotely during her recovery was modest, and it was one she was fully capable of performing. The request was declined.

14. The stress of the position grew to be so much that Ms. Small suffered a miscarriage. Upon information and belief, Ms. Small's miscarriage was caused in whole or in part by the strain she was under at work.

15. In late March 2025, Ms. Small began approved leave under the Family and Medical Leave Act, and on April 4, 2025, she underwent a right distal femur osteotomy. Although her recovery required an extended period away from work, she was pressured to return before she was medically cleared.

16. On April 17, 2025, her treating physician, Dr. Rahul Banerjee of North Texas Orthopedic and Spine, provided Defendant with documentation supporting her continued leave and setting a return-to-work date of July 8, 2025, subject to restrictions that included sedentary duty and limited walking.

17. When Ms. Small returned to work on July 8, 2025, her physician's central instruction was clear and emphatic: limit walking. Rather than honor that restriction, Defendant

required her to work in a building she could not readily navigate. The doors leading into her department were not accessible to her wheelchair and had to be opened by hand, and her workstation was not placed to minimize the distance she had to travel to exits and restrooms. She endured physical pain and difficulty moving through the workplace, and at times remained at her desk rather than struggle across an inaccessible floor. A supervisor complained that she took too long in the restroom. The accommodations she had requested went unaddressed. Instead, Ms. Small was told to use the crutches that Defendant believed she had been provided, as opposed to her wheelchair or other forms of transportation.

18. Ms. Small's treatment changed in other ways after she asserted her need for accommodation and returned from medical leave. She was subjected to heightened scrutiny and written up for minor, exaggerated, or fabricated issues, like taking a few extra minutes on her breaks. Having previously handled the department's more demanding accounts that were sixty days past due and older, she was reassigned upon her return to the less significant portfolio of accounts less than sixty days past due, a demotion in responsibility for one of the department's top performers.

19. Ms. Small was also subjected to discipline for things that were only made formal guidance or policies after her discipline. For example, on a day when Ms. Small took a longer time to resolve a customer's issue—leaving other calls waiting as a result—Ms. Small was written up for call avoidance. After they disciplined Ms. Small, a team-wide memo was sent telling all members of Ms. Small's team that the actions taken by Ms. Small constituted call avoidance. In other words, Defendant would discipline Ms. Small for violating a non-existent policy and issue a policy to justify the discipline after the fact.

20. Ms. Small attempted to report Defendant's discriminatory actions to HR, but was

told by a supervisor that she was required to go through the chain of command and could not directly complain to HR.

21. On August 1, 2025, Dr. Banerjee completed Defendant's own Request for Medical Information for a Reasonable Accommodation form. He confirmed that Ms. Small's impairment substantially limited walking, standing, working, and musculoskeletal function; that she required limited standing and walking, the ability to sit and rest as needed, and no stairs or ladders; and that these accommodations were necessary until approximately October 1, 2025. He explained that the requested accommodations would allow Ms. Small to perform her job in person while she progressed through recovery.

22. Weeks earlier, when Ms. Small could no longer drive because of her injury, her mother had driven her leased company vehicle to transport her to and from work, an arrangement Human Resources had approved. On or about August 21, 2025, shortly after her physician confirmed her ongoing need for accommodation, Defendant terminated her employment. The stated reason was an alleged "integrity violation" premised on that same, previously approved, transportation arrangement.

23. The stated reason does not withstand scrutiny. The conduct cited had been authorized by Human Resources, and the timing of the discharge, coming on the heels of renewed medical documentation and repeated requests for accommodation, tells a different story. Similarly situated white employees were treated more leniently for comparable or more serious conduct involving company vehicles. At least one such white employee faced only suspension from the vehicle program rather than termination. The explanation Defendant offered was false and served to conceal the real reasons for Ms. Small's discharge: her disability, her requests for accommodation, her use of medical and FMLA leave, and her race.

24. As a direct and proximate result of Defendant's conduct, Ms. Small has lost income and employment benefits, and she has suffered emotional distress, humiliation, and physical hardship.

## V. CAUSES OF ACTION

### COUNT ONE: DISABILITY DISCRIMINATION IN VIOLATION OF TEXAS LABOR CODE § 21.051

25. Plaintiff incorporates by reference the factual allegations set forth above.

26. At all relevant times, Ms. Small was an individual with a disability within the meaning of Chapter 21 of the Texas Labor Code. Her leg impairment substantially limited one or more major life activities, including walking and standing, and Defendant was fully aware of her condition through her own reports, her physician's documentation, and its own accommodation forms.

27. Ms. Small was qualified for her position and able to perform its essential functions, which were carried out by telephone and computer, with reasonable accommodation.

28. Defendant discriminated against Ms. Small because of her disability in violation of Texas Labor Code § 21.051. Its conduct included subjecting her to heightened scrutiny, disciplining her for minor or fabricated issues, requiring her to work in conditions that disregarded her medical restrictions, stripping her of her more demanding accounts, and ultimately discharging her, while treating her disability with derision rather than accommodation.

29. Defendant's stated reason for its actions is false and pretextual. Defendant acted intentionally and with reckless disregard for Ms. Small's rights under Chapter 21 of the Texas Labor Code.

30. As a proximate result of Defendant's unlawful conduct, Ms. Small has suffered lost wages and benefits, mental anguish, emotional distress, and other damages.

**COUNT TWO: FAILURE TO ACCOMMODATE IN VIOLATION OF TEXAS LABOR CODE § 21.128**

31. Plaintiff incorporates by reference the factual allegations set forth above.

32. Ms. Small was an otherwise qualified individual with a disability who informed Defendant of her physical limitations and requested reasonable accommodations, including remote work during her recovery, relocation of her workstation closer to the elevator and restroom, a flexible schedule to attend physical therapy, and adherence to her physician's restrictions limiting walking and standing.

33. Each of these accommodations was reasonable and would have allowed Ms. Small to perform the essential functions of her position, as her physician confirmed and as her prior remote work demonstrated. Defendant did not identify, and cannot demonstrate, any undue hardship that would have resulted from providing them.

34. Rather than engage in a good-faith interactive process, Defendant delayed, resisted, and refused to provide the requested accommodations, in violation of Texas Labor Code § 21.128.

35. As a proximate result of Defendant's failure to accommodate, Ms. Small has sustained lost wages and benefits, mental anguish, emotional distress, physical hardship, and other damages.

**COUNT THREE: RETALIATION IN VIOLATION OF TEXAS LABOR CODE § 21.055**

36. Plaintiff incorporates by reference the factual allegations set forth above.

37. Ms. Small engaged in protected activity when she requested reasonable accommodations for her disability, submitted supporting medical documentation, and

complained to management and Human Resources about the denial of accommodation and her treatment.

38. In close proximity to that protected activity, Defendant subjected Ms. Small to materially adverse actions, including heightened scrutiny, unwarranted discipline, removal from team-wide scorecards and leader boards, a reduction in her responsibilities, and termination. Her discharge followed within weeks of her physician's renewed confirmation of her need for accommodation.

39. These actions would dissuade a reasonable employee from requesting accommodation or opposing discrimination, and Defendant's stated reason for the discharge was a pretext for retaliation, in violation of Texas Labor Code § 21.055.

40. As a proximate result of Defendant's retaliation, Ms. Small has suffered lost wages and benefits, mental anguish, emotional distress, reputational harm, and other damages.

**COUNT FOUR: RACE DISCRIMINATION IN VIOLATION OF TEXAS LABOR CODE § 21.051**

41. Plaintiff incorporates by reference the factual allegations set forth above.

42. Ms. Small is Black and a member of a protected class. She was qualified for her position and performed it well.

43. Defendant discharged Ms. Small and subjected her to discipline and other adverse actions under circumstances giving rise to an inference of race discrimination. Similarly situated white employees who engaged in comparable or more serious conduct involving company vehicles were treated more favorably and were not terminated.

44. For example, a white, female co-worker who held the same position as Ms. Small allowed her husband to drive her employee-lease vehicle without completing the paperwork to add him as a driver to her employee-lease vehicle. When that co-worker's husband got in an

accident with the employee-lease vehicle, Ms. Small's co-worker denied that she had violated the policy. Defendant temporarily removed the co-worker from the employee-lease program. She was not fired. Ms. Small and this co-worker held the same position and were in the same management and supervisory lines.

45. In addition, Ms. Small personally observed multiple white and Hispanic colleagues in her same position and chain of command—including, for example, Kyle and Aracelli—take extended breaks without consequence, while she would be reprimanded for each additional minute of break beyond her allocated time. On more than one occasion, Ms. Small left for her break at the same time as white co-worker and returned to her desk at the same time as her white co-worker. Ms. Small was reprimanded and her co-worker was not. This pattern repeated with multiple white and Hispanic co-workers, each of whom shared Ms. Small's title and management and supervisory lines.

46. Defendant's disparate treatment of Ms. Small because of her race violated Texas Labor Code § 21.051, and its stated reason for her discharge was false and pretextual.

47. As a proximate result of Defendant's unlawful conduct, Ms. Small has suffered lost wages and benefits, mental anguish, emotional distress, and other damages.

## VI. REMEDIES

48. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and grant relief as follows:

a. Reinstatement and/or Front Pay: Reinstatement to her former position, or a substantially equivalent position with appropriate accommodations, or in the alternative an award of front pay for a reasonable period;

b. Back Pay and Benefits: An award for the wages, employment benefits, and other compensation Ms. Small would have received but for Defendant's unlawful conduct, plus interest;

c. Compensatory Damages: For emotional distress, mental anguish, humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses caused by Defendant's unlawful conduct, in an amount to be determined by the jury;

d. Punitive and Exemplary Damages: In an amount to be determined by the jury, as permitted by law;

e. Attorneys' Fees and Costs: Reasonable attorneys' fees, expenses, and costs, as provided by statute;

f. Pre- and Post-Judgment Interest; and

g. Any other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

## VII. JURY TRIAL DEMAND

49. Plaintiff demands a trial by jury on all issues of fact and damages raised in this case and tenders the applicable jury fee.

Dated: October 28, 2026

Respectfully Submitted,

**CARTER LAW GROUP, PC**

*/s/ Kathryn "Kassi" Yukevich*
Kathryn "Kassi" Yukevich
Texas Bar No. 24133390
kyukevich@clgtrial.com
351 W Jefferson Blvd.
Suite 503, LB 11
Dallas, TX 75208
Tel.214.390.4173

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on October 28, 2026 a true and correct copy of the foregoing instrument was forwarded to all counsel of record in accordance with Federal Rules of Civil Procedure.

*/s/ Kathryn "Kassi" Yukevich*
Kathryn "Kassi" Yukevich